On Rehearing.

Counsel for appellee in his petition for rehearing makes no complaint concerning the conclusion reached by us in the original opinion handed down in this case, in so far as we determined that his client, Bear Pearson, obtained no title to the land involved by reason of the deed which he obtained from the railroad company, or its grantees. But he calls our attention to the fact that as to the thirty feet of lot 14, block 15, being the property claimed by appellant Lederer, Pearson claims title through another and second source, viz.: a quit claim deed from the alleged heirs of one A. B. McKinley, the said McKinley having purchased the property at a. foreclosure sale of a trust deed given by one Jacox, long prior to the time that *84 the said Lederer obtained the title upon which she relied by quit claim deed from the heirs of the said Jacox. The appellants on the trial, in their briefs filed in (this court, and ón oral argument challenged the sufficiency of Pearson’s proof of his alleged title derived from the said McKinley, and inasmuch as appellee at no time (prior to the filing of his petition for rehearing) attempted to answer the arguments or meet the authorities offered by appellants in this behalf, we assumed that he had abandoned this point, or did not desire to press it, hence we made no direct reference to it in the original opinion. Moreover, no authorities are cited by appellee in his brief on rehearing to support his contention that he properly proved his alleged title derived from the heirs of McKinley. The record' discloses that on the trial appellee offered a quit claim, deed dated April 28, 1910, long after the complaint in this case had been filed, which quit claim deed recites that:
“Mary W. Burns and Ellis M. Johnson, both formerly McKinley, and being the sole and only heirs of Alexander B. McKinley, deceased, in consideration of $1.00, convey to Bear Pearson the east thirty feet of Lot 14, Block 15,” etc.
To this offer the appellant, Lederer, through her counsel, then and there objected, “for the reason that there is nothing to show that these parties are the heirs of Alexander B. McKinley.” This objection was well taken,, and should have been sustained. Neither then nor later did Pearson attempt, on the trial below, so far as the record discloses, to make any proof whatever of the heirship of Burns and Johnson, or the death of their alleged ancestor, McKinley. An excellent discussion of this question will be found in Dyer v. Marriott, 89 Kans., 515, 131 Pac., 1185-8.
Abundant authorities are cited and quoted from in the Dyer case to support the rule that:
*85 Decided July 14, A. D. 1913.
Rehearing denied October 14, A. D. 1913.
“When one attempts to derive title to land through the heirs of a former proprietor, the fact of heirship must be proved. This cannot be done by recitals, merely, in the deed, especially where the deed is of recent date, 'Which, at most, amounts to á mere claim of heirship.”
It will be seen that Pearson as completely failed to prove the .title which he attempted to trace from McKinley as he failed in his attempt to prove the title which he claimed from the railroad company.
The petition for rehearing will be denied.